F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 02 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VINCENT CURTIS CONYERS,

    Plaintiff,

       – against –

UNITED STATES OF AMERICA,

    Defendant.
----------------------------------X

ORDER
16-CV-2816 (JFB) (SIL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Vincent Curtis Conyers ("plaintiff") brings this action against the United States (the "government") alleging various claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* On March 17, 2017, the government moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 26.) On October 6, 2017, the Court referred the motion to the Honorable Steven I. Locke. (ECF No. 32.)

Presently before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Locke recommending that plaintiff's complaint be dismissed in its entirety for lack of subject matter jurisdiction, and that plaintiff be granted leave to amend. (ECF No. 33.) Judge Locke directed that any objections to the R&R be filed within fourteen (14) days of receipt of the R&R. (*Id.* at 23-24.) The government effected service of the R&R on plaintiff on February 5, 2018. (ECF No. 34.) The deadline has thus passed, and no party has filed an objection.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any

other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&R, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.

Accordingly, IT IS HEREBY ORDERED that the government's motion to dismiss (ECF No. 26) is granted, and that plaintiff's complaint is dismissed in its entirety without prejudice. The Court grants plaintiff leave to submit an amended complaint, which must be filed within 45 days from the date of this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS FURTHER ORDERED that the government shall serve a copy of this Order on plaintiff and file proof of service with the Court.

SO ORDERED.

/s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     March 2, 2018
            Central Islip, New York